## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM IN SUPPORT OF POST-TRIAL MOTION FOR REMITTITUR AND/OR JUDGMENT AS MATTER OF LAW . . . . . . . . . . . 1

I. BACKGROUND . . . . . . . . . . . . . . . . . . . 1

II. LAW AND ARGUMENT . . . . . . . . . . . . . . . . 3

A. Judgment As A Matter of Law (JMOL) . . . . . 3

B. Remititur . . . . . . . . . . . . . . . . . . 7

1. Bystander claims . . . . . . . . . . . . 8

2. Survival Claims . . . . . . . . . . . . 10

3. Wrongful death claims . . . . . . . . 11

III. CONCLUSION . . . . . . . . . . . . . . . . . . 13

EXHIBITS

Exhibit A- Excerpts from Transcript of Trial Testimony of Guadelupe Guerra . . . . . . . . . . . . . 5

Exhibit B- Excerpts from Transcript of Trial Testimony of Amelia Guerra . . . . . . . . . . . . 5, 6

Exhibit C- Excerpts from Transcript of Trial Testimony of Lisa Guerra Rodriguez . . . . . . . . 5, 6

Exhibit D- Excerpts from Transcript of Trial Testimony of Dr. Kenneth Wayne Ross . . . . . . . . 10

## TABLE OF AUTHORITIES

**CASES** **Page**

*Caldarera v. E. Airlines, Inc.*, 705 F.2d 788 (5th Cir. 1983). . . . . . . . . . . . . . . . . 7

*Cox v. Moore*, 2001-878 (La.App 3d Cir. 12/12/01), 805 So.2d 277. . . . . 8

*Craighead v. Preferred Risk Mut. Ins. Co.*, 33,731 (La.App 2d Cir. 8/25/00), 769 So.2d 112. . . . . . 12

*Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336 (5th Cir. 1990). . . . . . . . . . . . . . . . 7

*Duncan v. Kansas City Southern Ry. Co.*, 2000-0066 (La. 10/30/00), 773 So.2d 670. . . . . . . . . 11-12

*Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176 (5th Cir. 1995). . . . . . . . . . . . . . . . . . 7

*Gibson v. State ex rel. DOTD*, 1995-1418 (La.App 1st Cir. 4/4/96), 674 So.2d 996. . . . . 10

*Hasha v. Calcasieu Police Jury*, 1994-705 (La.App. 3d Cir. 2/15/95), 651 So.2d 865. . . . 11

*Held v. Aubert*, 2002-1486 (La.App. 1st Cir. 5/9/03) 845 So.2d 625. . . . . . . 4

*Lebron v. U.S.*, 279 F.3d 321 (5th Cir. 2002). . . . . . . . . . . . . . . 7, 8

*Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250 (5th Cir. 1980). . . . . . . . . . . . . . . . 4

*Marcel v. Placid Oil*, 11 F.3d 563 (5th Cir. 1994). . . . . . . . . . . . . . . . . . 8

*Monk v. State ex rel. DOTD*, 2005-97 (La.App. 3d Cir. 6/29/05), 908 So.2d 688 writ denied, 2005-2337 (La. 10/17/06) 940 So.2d 642. . . . . . . . . . . . . . . . . . 5, 9, 11

*Moore v. M/V ANGELA*, 353 F.3d 376 (5th Cir. 2003). . . . . . . . . . . . . . . 8

*Owens v. Concordia Electric Co-op., Inc.*, *1995-1255 (La.App. 3d Cir. 6/25/97), 699 So.2d 434.* . . . . 12

*Precht v. Case Corp.*, *1999-1296 (La.App 3d Cir. 2/16/00), 756 So.2d 488.* . . . . . 9

*Rivard v. Petroleum Transport Co.*, *1995-0431 (La.App. 4th Cir. 9/28/95), 663 So.2d 755.* . . . . 10

*Rubinstein v. Adm'rs of the Tulane Educ. Fund*, *218 F.3d 392 (5th Cir. 2000).* . . . . . . . . . . . . . . . . 4

*Ruttley v. Lee*, *1999-1130 (La.App. 5th Cir. 5/17/00), 761 So.2d 777.* . . . 9, 12

*Trahan v. McManus*, *1997-1224 (La. 3/2/99) 728 So.2d 1273.* . . . . . . . . . . 4, 5

*Wallace v. Methodist Hosp. System* , *271 F.3d 212 (5th Cir. 2001), cert. denied 535 U.S. 1078, 122 S.Ct. 1961, 152 L.Ed.2d 1022 (2002).* . . . 3

**STATUTES**

Fed.R.Civ.P 50 . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

Fed.R.Civ.P 59 . . . . . . . . . . . . . . . . . . . . . . . . 3

La.Civ.Code Art.2315.6 . . . . . . . . . . . . . . . . . . . 4, 5

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| SHAWN MILLER, ET AL | * | CIVIL ACTION NO. 04-1250 (LEAD) |
| | * | 05-0189 (MEMBER) |
| | * | |
| VERSUS | * | MAGISTRATE JUDGE HILL |
| | * | |
| ALLIED VAN LINES, INC., ET AL | * | BY CONSENT OF THE PARTIES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF POST-TRIAL MOTION FOR REMITTITUR AND/OR JUDGEMENT AS MATTER OF LAW**

MAY IT PLEASE THE COURT:

This matter is now before the Court on a Post-trial Motion For Remittitur and/or Judgment As A Matter Of Law (JMOL), brought by Defendant, ILLINOIS NATIONAL INSURANCE COMPANY ("Illinois National"). Illinois National seeks a judgment dismissing plaintiffs' bystander claims relating to the injuries suffered by Lisa and Cindy Guerra and a remittitur of the verdict amounts awarded on plaintiffs' claims for bystander, survival and wrongful death damages.

## I. BACKGROUND

As the Court is well aware, plaintiffs' claims arise from a severe auto accident resulting in serious and fatal injuries. Plaintiffs, Guadelupe and Amelia Guerra, were involved in the accident, along with their two daughters, Lisa and Cindy, their niece, Jennifer Garza, and Lisa's friend, Jose Alfaro. Cindy Guerra and Jennifer Garza died as a result of the accident. Lisa Guerra and Jose Alfaro were severely burned.

Guadelupe and Amelia Guerra filed suit for survival, wrongful death and bystander damages relating to the death of Cindy Guerra and the injuries suffered by Lisa Guerra. Lisa Guerra sought bystander damages relating to Cindy's death as well. Plaintiffs, Rene and Patricia Garza, sought wrongful death and survival damages relating to the death of Jennifer Garza, their daughter. These claims, along with several others, were tried to a jury over the course of two weeks, from March 27th to April 10th, 2007.

At trial, Illinois National moved for a Rule 50 Judgment as a Matter of Law regarding plaintiffs' bystander claims both at the conclusion of plaintiffs' case and at the close of evidence. The Court denied both Motions. The jury then returned a verdict awarding the following amounts on the claims described above:

(1) $250,000.00 to Guadelupe and Amelia Guerra combined for the conscious pain and suffering experienced by Cindy Guerra prior to her death (survival damages)

(2) $250,000.00 to Rene and Patricia Garza combined for the conscious pain and suffering experienced by Jennifer Garza prior to her death (survival damages)

(3) $1,500,000.00 to Guadelupe and Amelia Guerra each for the wrongful death of Cindy Guerra

(4) $1,500,000.00 to Rene and Patricia Garza each for the wrongful death of Jennifer Garza

(5) $1,000,000.00 to Guadelupe, Amelia and Lisa Guerra each for witnessing an event that caused the death of Cindy Guerra (bystander damages)

(6) $500,000.00 to Guadelupe and Amelia Guerra each for witnessing an event that caused injuries to Lisa Guerra (bystander damages)

Illinois National now comes before the Court to again respectfully request that Judgment as a Matter of Law be granted pursuant to F.R.C.P. 50(b), dismissing the bystander claims of Guadelupe, Amelia and Lisa Guerra, due to a lack of sufficient supporting evidence. Illinois National also moves to amend the Court's judgment pursuant to F.R.C.P. 59, to reduce the verdict amounts set forth above, which are substantially excessive and beyond that which the jury could have reasonably awarded under the circumstances. Illinois National seeks a remittitur of these amounts in accordance with the "maximum recovery rule."

## II. LAW AND ARGUMENT

### A. JMOL

Judgment as a matter of law is to be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue."[1] No legally sufficient evidentiary

---

[1] Wallace v. Methodist Hosp. System, 271 F.3d 212, 218-219 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078, 122 S.Ct. 1961, 152 L.Ed.2d 1022 (2002); quoting, Fed.R.Civ.P. 50(a).

basis exists when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict."[2] In making such a determination, the Court must consider all of the evidence of record, not just that which supports the non-mover's case.[3] Here, Illinois National submits the evidence of record is clearly insufficient to support plaintiffs' recovery of bystander damages.

Plaintiffs' bystander claims were brought pursuant to Louisiana Civil Code Article 2315.6. That Article allows for recovery of damages by those who have "view[ed] an event causing injury to another person, or who came upon the scene of the event soon thereafter" when the injured person is a direct family member.[4] In order to recover, a claimant must have "observed the event that immediately caused **observable injury** to another person," and must have been "contemporaneously aware that the event ha[d] caused harm to the direct victim."(emphasis added)[5]

---

[2] Id.; quoting, Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392,401 (5th Cir. 2000)(further citations omitted).

[3] Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 268-269 (5th Cir. 1980).

[4] See La.Civ.Code Art. 2315.6.

[5] Trahan v. McManus, 1997-1224 (La. 3/2/99), 728 So.2d 1273, 1279. See also Held v. Aubert, 2002-1486 (La.App. 1st Cir. 5/9/03), 845 So.2d 625, 630-632.

Illinois National avers that the "observable injury" language used by the Louisiana Supreme Court in Trahan v. McManus requires a claimant to not only observe the injury-causing event, but also the injuries caused to the direct victim. A claimant must have been able to consciously understand and perceive the resulting injuries in order to recover damages for "severe" and "debilitating" mental anguish and emotional distress.[6] Illinois National requested that the Court include an explanation of this requirement in its Jury Instructions used at trial,[7] but such request was denied. Illinois National respectfully submits that the Court erred in this regard, and asserts that based on the testimony presented at trial, plaintiffs' bystander claims must fail.

The trial testimony of all three claimants (Guadelupe, Amelia and Lisa) reveals that none of them actually observed Cindy Guerra at the scene of the accident.[8] Furthermore, Guadelupe Guerra had suffered a severe head laceration as a

---

[6] See Monk v. State ex rel. DOTD, 2005-97 (La.App. 3d Cir. 6/29/05), 908 So.2d 688, 697, *writ denied*, 2005-2337 (La. 10/17/06), 940 So.2d 642 (son who was involved in accident with mother who died as a result was not entitled to damages under La.Civ.Code Art.2315.6 when his first memories of the accident were when he awoke in the hospital).

[7] See Defendants' Requested Supplemental Jury Instruction No.1, [Rec. Doc. 427].

[8] See Transcripts of the Trial Testimony of Guadelupe Guerra, p.18-20 (attached as Exhibit "A"), Amelia Guerra, p.9-13 (attached hereto as Exhibit "B"), and Lisa Guerra Rodriguez, p.9-11 (attached hereto as Exhibit "C").

result of the accident and remained confused and delusional for several hours prior to regaining his awareness.[9] He has no memory of the accident, the family's route of travel beforehand, or the time of day in which the accident took place. He also did not realize Cindy had perished until several days thereafter.[10] Lisa also failed to realize Cindy had passed until she was being transported by helicopter to Baton Rouge General Medical Center.[11]

The testimony cited herein conclusively demonstrates that the injuries to Cindy Guerra were not "observable" to Guadelupe, Amelia or Lisa. It also evidences the fact that Guadelupe was incapable of perceiving any injury suffered by Cindy or Lisa. Plaintiffs failed to offer any proof whatsoever that they were able to observe Cindy, discern the injuries which she suffered or realize that her injuries would be fatal until well after the accident took place. They also failed to demonstrate any understanding on the part of Guadelupe regarding the nature and severity of Lisa's injuries. For these reasons, their claims should be dismissed pursuant to F.R.C.P. 50(b).

---

[9] Id. See specifically Amelia Guerra's testimony that she "knew he [Guadelupe] was in shock when he started, where are we, where are we, what are we doing here?" (Exhibit "B", p.10) and Lisa Guerra's testimony that "he [Guadelupe] wasn't there. It wasn't him. He was lost." (Exhibit "C", p.10).

[10] Id.

[11] See Exhibit "C", p.11.

B. Remittitur

Notwithstanding its request for a JMOL, Illinois National also seeks a remittitur of the verdict amounts awarded on plaintiffs' bystander, survival and wrongful death claims. A review of Louisiana case law reveals that these awards are extremely excessive and beyond that which the jury could have reasonably awarded under the facts of this case.

Admittedly, the Fifth Circuit has recognized "a strong presumption" favoring jury damage awards.[12] However, when a verdict seems "so exaggerated as to indicate 'bias, passion, corruption, or other improper motive,'" or when it "exceeds the bounds of any reasonable recovery," remittitur is warranted.[13] As the Fifth Circuit has stated, "the sky is simply not the limit for jury verdicts, even those that have been once reviewed."[14]

The decision to grant a remittitur is determined by the "maximum recovery rule."[15] Under the rule, a comparison is made between the challenged jury award and awards made in factually similar cases arising within the controlling jurisdiction.[16]

---

[12] Eiland v. Westinghouse Elec. Corp., 58 F.3d 176, 183 (5th Cir. 1995).

[13] Caldarera v. E. Airlines, Inc., 705 F.2d 778, 784 (5th Cir. 1983) (further citations omitted).

[14] Eiland, 58, F.3d at 183.

[15] Lebron v. U.S., 279 F.3d 321, 326 (5th Cir. 2002).

[16] Douglass v. Delta Air Lines, Inc., 897 F.2d 1336, 1339 (5th Cir. 1990)

Those which are entirely disproportionate to the amounts awarded in factually similar cases cannot be upheld.[17] By using this objective framework, the need to amend the jury's verdict in the instant matter is made clear. The "maximum recovery rule" requires that the excessive awards be reduced to approximately 133% of the highest award allowed in a factually similar case in Louisiana - the controlling jurisdiction.[18]

**1. Bystander claims**

As previously noted, Guadelupe, Amelia and Lisa Guerra each received $1,000,000 in bystander damages relating to the death of Cindy Guerra. In addition, Guadelupe and Amelia each received $500,000 for witnessing the injuries sustained by Lisa. In the event these claims are allowed to stand, they must be reduced drastically according to the "maximum recovery rule."

Louisiana cases most similar to the Guerras' bystander claims include: Cox v. Moore[19] ($150,000 award to mother who was involved in an auto accident with her two daughters, witnessed daughter's death, and testified that her last memory of decedent daughter was looking over at her after accident and noticing "her

---

[17] Id. See also, Lebron, 279 F.3d at 326.

[18] See, e.g., Moore v. M/V ANGELA, 353 F.3d 376, 384 (5th Cir. 2003); Marcel v. Placid Oil, 11 F.3d 563, 569 n.9 (5th Cir. 1994).

[19] 2001-878 (La.App. 3d Cir. 12/12/01), 805 So.2d 277.

head was half-missing"); Ruttley v. Lee[20] ($75,000 award to mother who arrived at the scene soon after an auto accident, saw her young-adult-daughter's body covered by a canvas, did not actually see her daughter's body, but knew she was deceased); Monk v. State ex rel. DOTD[21] ($75,000 award to mother who arrived at the scene soon after auto accident and observed her young-adult-daughter motionless in the driver's seat of her car, knew her daughter was seriously injured, but did not find out she had died until arriving at the hospital);[22] and Precht v. Case Corp.[23] ($5,000 award to father who noticed that a tractor in which his young daughter was riding was engulfed in flames, watched his daughter being thrown from the tractor by his brother, and observed that his daughter had sustained minor burns to her face and hair). Although these cases do not involve the exact same facts as were involved in the instant matter, they do reveal that the jury's awards on plaintiff's bystander claims are considerably inflated. Based on an application of the maximum

---

[20] 1999-1130 (La.App. 5th Cir. 5/17/00), 761 So.2d 777.

[21] 2005-97 (La.App. 3d Cir. 6/29/05), 908 So.2d 688.

[22] The court noted that $75,000 was "on the high side" but did not amount to an abuse of discretion. Monk, 908 So.2d at 697.

[23] 1999-1296 (La.App. 3d Cir. 2/16/00); 756 So.2d 488.

recovery rule, Illinois National submits that the bystander awards described above should all be reduced by at least 80%.[24]

**2. Survival claims**

Guadelupe and Amelia Guerra were awarded $250,000.00, and Rene and Patricia Garza were awarded $250,000.00, for the pain and suffering experienced by Cindy Guerra and Jennifer Garza respectively, prior to their death. Plaintiffs' expert forensic pathologist, Dr. Wayne Ross, testified that such pain and suffering was experienced by Cindy for two seconds and by Jennifer for one to two seconds.[25]

Louisiana cases involving similar facts include: Gibson v. State ex rel. DOTD[26] ($50,000 award to a middled aged man who burned to death in an auto accident which caused his truck to ignite, where evidence indicated he suffered intensely but briefly); Rivard v. Petroleum Transport Co.[27] ($50,000 award to a man who burned to death from an accident wherein the eighteen wheeler in which he was riding was hauling gasoline, turned over, struck an embankment, and burst into a towering inferno);

---

[24] Such a reduction would lead to an award of the following amounts: $200,000.00 to Guadelupe, Amelia and Lisa Guerra each for bystander damages relating to the death of Cindy Guerra and $100,000.00 to Guadelupe and Amelia Guerra each for bystander damages relating to the injuries suffered by Lisa Guerra.

[25] See Transcript of Trial Testimony of Dr. Kenneth Wayne Ross, p.35-36, 48 (attached hereto as Exhibit "D").

[26] 1995-1418 (La.App. 1st Cir. 4/4/96), 674 So.2d 996.

[27] 1995-0431 (La.App. 4th Cir. 9/28/95), 663 So.2d 755.

Hasha v. Calcasieu Parish Police Jury[28] ($75,000 award to an eighteen-year-old man who endured approximately fifteen minutes of pain before dying as a result of an auto accident, during which time he was pinned underneath the car in which he was riding). Based on an application of the maximum recovery rule, Illinois National submits that the awards for plaintiffs' survival claims should be reduced by at least 60%, or to $100,000.00 for each decedent.

3. **Wrongful death claims**

Guadelupe and Amelia Guerra and Rene and Patricia Garza were also each awarded $1,500,000.00 for damages relating to the wrongful deaths of Cindy Guerra and Jennifer Garza. These damages were awarded to compensate for the "grief and anguish" and "loss of love, affection, or companionship" occasioned by the loss of their daughters.[29]

Louisiana cases factually similar to plaintiffs' wrongful death claims include: Monk v. State ex rel. DOTD[30] ($500,000 award to father and $350,000 award to mother for the loss of their minor son who was killed in a vehicular accident where record indicated both parents had a close relationship with their son and suffered enormously due to his death); Duncan v. Kansas

---

[28] 1994-705 (La.App. 3d Cir. 2/15/95), 651 So.2d 865.

[29] See the Court's Jury Verdict Form, p.4-5.

[30] 2005-97 (La.App. 3d Cir. 6/29/05), 908 So.2d 688.

City Southern Ry. Co.[31] ($475,000 award to each parent of twelve-year-old daughter who was killed as a result of a van/train collision where the record indicated plaintiffs felt guilty over their daughter's death and suffered marital problems as a result); Craighead v. Preferred Risk Mut. Ins. Co.[32] ($450,000 award to each parent of an eleven-year-old girl who was killed when she was struck by a motorist while crossing the highway to board a school bus where record revealed a very close family, decedent was an "A and B" sixth-grader involved in school and dance activities, and loss of daughter was devastating to her parents); Ruttley v. Lee[33] ($300,000 award to mother of daughter who was killed in an intersectional collision where decedent was described as an exemplary young woman who was very loved by her mother); and Owens v. Concordia Electric Co-op., Inc.[34] ($350,000 award to parents of sixteen-year old son who was killed in an auto accident where record revealed a close affinity and bond shared between them). According to the maximum recovery rule, plaintiffs' wrongful death awards should be reduced by at least 56%, or to $665,000 for each parent.

---

[31] 2000-0066 (La. 10/30/00), 773 So.2d 670.

[32] 33,731 (La.App. 2d Cir. 8/25/00), 769 So.2d 112.

[33] 1999-1130 (La.App. 5th Cir. 5/17/00), 761 So.2d 777.

[34] 1995-1255 (La.App. 3d Cir. 6/25/97), 699 So.2d 434.

III. CONCLUSION

The above-cited case law clearly demonstrates the excessiveness of the jury's verdict on plaintiff's bystander, survival and wrongful death claims. These awards must be reduced to the maximum amount that is reasonable under the circumstances. Moreover, plaintiffs' bystander claims must be dismissed in their entirety due to a lack sufficient supporting evidence in the record. For the foregoing reasons, Illinois National requests that Judgment as a Matter of Law be rendered, dismissing plaintiffs' bystander claims, and that the Court's Final Judgment be amended to reflect a reduction in plaintiffs' awards for bystander, survival and wrongful death damages.

Respectfully submitted,

PREIS & ROY
(A Professional Law Corporation)

By:______________________________
EDWIN G. PREIS, JR. (10703)
L. LANE ROY (11513)
102 Versailles Blvd., Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337)237-6062
Fax: (337)237-9129

ATTORNEYS FOR ILLINOIS NATIONAL INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing pleading has this date been mailed to all counsel of record by the following proceeding:

( ✓ ) Hand Delivered ( ) Facsimile

( ) Federal Express ( ✓ ) Prepaid U.S. Mail

( ✓ ) E-Mail

Lafayette, Louisiana this 24th day of August, 2007.

EDWIN G. PREIS, JR.